# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| **S.A.S.**, by and through his parents; **W.S.** and **S.S.** and on their own behalf, and **A.B.S.**, | Civil No. 04-3204 (JRT/RLE) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING DISTRICT DEFENDANTS' MOTION TO DISMISS** |
| **HIBBING PUBLIC SCHOOLS, INDEPENDENT SCHOOL DISTRICT NO. 701**, *et al.*, | |
| Defendants. | |

Margaret O'Sullivan Kane, **CENTER FOR EDUCATION LAW, LTD.**, 1654 Grand Avenue, Suite 200, St. Paul, Minnesota 55105, for plaintiffs.

Susan E. Torgerson and Charles E. Long, **KENNEDY & GRAVEN**, 200 South Sixth Street, Suite 470, Minneapolis, MN 55402, for School District defendants.

Patricia Y. Beety, **LEAGUE OF MINNESOTA CITIES**, 145 University Avenue West, St. Paul, MN 55103, for Police Department defendants.

S.A.S., a sixteen year-old male student in the Hibbing Public Schools; A.B.S., an eighteen-year-old male who previously attended the Hibbing Public Schools; and W.S. and S.S., parents of both S.A.S. and A.B.S (collectively "plaintiffs"), claim that S.A.S. was subjected to disability discrimination and harassment, and that A.B.S. was subjected to sex discrimination and harassment based on his sexuality, by both the Hibbing Public Schools and the Hibbing Police Department. Plaintiffs allege violations of the

Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation

Act ("Section 504"), the Americans with Disabilities Act ("ADA"), and the Minnesota

Human Rights Act ("MHRA"), as well as constitutional violations and state tort claims.

Plaintiffs seek declaratory and injunctive relief, and damages.

Defendants are the Hibbing Public Schools, the Hibbing Board of Education, the

current and former Superintendent of the Hibbing Public Schools, and various other

administrators and employees of the School District (collectively "District defendants"),

and the Hibbing Police Department, the Chief of Police, and various other employees of

the Police Department (collectively "Department defendants").

The District defendants move for dismissal of this action pursuant to Federal Rules

of Civil Procedure 12(b)(1) and 12(b)(6) alleging the failure to establish subject matter

jurisdiction and failure to state a claim upon which relief can be granted.[1]  For the reasons

discussed below, the Court grants the District defendants' motion.

## BACKGROUND[2]

S.A.S. attended Jefferson Elementary School in Hibbing for fifth grade, Lincoln

Middle School in Hibbing for sixth, seventh, and eighth grade, and Hibbing High School

for ninth grade.  S.A.S was required to repeat ninth grade after receiving all failing grades

during the 2002-03 school year.  He has since completed his ninth grade school year, but

rather than attending Hibbing High School, S.A.S. has been placed into a homebound

---

[1] The Department defendants subsequently filed a motion for summary judgment.

[2]  When considering a motion to dismiss, the Court accepts the facts alleged in the complaint as true. *Westcott v. Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

instruction program by the District.  A.B.S. attended Hibbing High School from 2000-2002.

In 1992, S.A.S. was diagnosed with Attention Deficit Hyperactivity Disorder and began taking medication.  W.S. and S.S. informed the District of S.A.S.'s condition. Plaintiffs allege that the defendants, even after being notified of S.A.S.'s disability, repeatedly refused to develop an individual education plan for S.A.S., failed to implement such a plan correctly, denied him his medication, denied him access to lunches and extracurricular activities with his peers, regularly removed him from the classroom setting, and exposed him to excessive discipline, suspensions, illegal searches and seizures, custodial interrogations, and ultimately, criminal charges.

Plaintiffs also allege that defendants failed to address the sexual harassment endured by A.B.S. at school, and that defendants retaliated against A.B.S. for his association with S.A.S. by instituting criminal charges against him without probable cause.  Finally, plaintiffs allege that defendants retaliated against S.S. and W.S. for engaging in protected activity.

Prior to filing this action in federal court, the plaintiffs had invoked their right to an administrative due process hearing under the IDEA, but the hearing had not been held. In its memorandum in support of its motion to dismiss, the District defendants argued that plaintiffs' claims must be dismissed because they failed to exhaust their administrative remedies as required by the IDEA.  Before the hearing on the motion to dismiss was held, however, the parties entered into a settlement agreement of S.A.S.'s claims, thereby ending the administrative process.  During the hearing, the District

defendants again argued that plaintiffs' claims should be dismissed because they failed to exhaust their administrative remedies, but added that, due to the settlement agreement, exhaustion is impossible.

## ANALYSIS

One of the purposes of the IDEA is to ensure that all disabled students are provided with a "free appropriate public education" ("FAPE"). 20 U.S.C. § 1400(d). The IDEA provides for an array of procedural safeguards intended to allow parents to ensure that states and, more specifically, school districts follow through on the IDEA's mandates. One such safeguard allows parents to "present complaints with respect to any matter relating to the identification, evaluation, or educational placement of [a disabled] child, or the provision of a free appropriate public education to such child." *Id.* § 1415(b)(6). Whenever such a complaint is filed, the state agency must conduct "an impartial due process hearing." *Id.* § 1415(f)(1).

If a parent chooses to bring a claim pursuant to the IDEA in federal court, however, a parent must first exhaust their administrative remedies provided under the IDEA. *Weber v. Cranston Sch. Comm.*, 212 F.3d 41, 53 (1st Cir. 2000) (stating that the IDEA explicitly requires plaintiffs to exhaust the IDEA's impartial due process hearing procedures before filing suit), *Prins v. Indep. Sch. Dist. No. 761*, 23 IDELR 544 (D. Minn. 1995) ("[T]he IDEA specifically contains a detailed procedural component inherently encompassing an exhaustion requirement."). The reasons behind the exhaustion requirement are many, including:

(1) permitting the exercise of agency discretion and expertise on issues requiring these characteristics; (2) allowing the full development of technical issues and a factual record prior to court review; (3) preventing deliberate disregard and circumvention of agency procedures established by Congress; and (4) avoiding unnecessary judicial decisions by giving the agency the first opportunity to correct any error.

*Ass'n for Retarded Citizens of Ala., Inc. v. Teague*, 830 F.2d 158, 160 (11th Cir. 1987).

This exhaustion requirement also applies if the parent chooses to bring an IDEA type claim under another statute, such as the ADA or Section 504, or the Constitution. *See* 20 U.S.C. § 1415(l) (requiring plaintiffs to exhaust their administrative remedies under the IDEA before bringing claims under federal law "to the same extent as would be required had the action been brought under" the IDEA); *see also Teague*, 830 F.2d at 160 (stating that plaintiffs are "required to utilize the elaborate administrative scheme established by the [IDEA] before resorting to the courts to challenge the actions of the local school authorities"), *Prins*, 23 IDELR 544 (noting that plaintiffs that seek relief for a claim that could have been brought under the IDEA "must first exhaust administrative remedies before bringing an action in federal court").  If a plaintiff fails to exhaust their administrative remedies under the IDEA, the court is deprived of subject matter jurisdiction.  *Polera v. Bd. of Educ.*, 288 F.3d 478, 483 (2nd Cir. 2002), *M.P. v. Indep. Sch. Dist. No. 721*, No. 01-771 (D. Minn. Jan. 3, 2005), *Vultaggio v. Bd. of Educ.*, 216 F. Supp. 2d 96, 103 (E.D.N.Y. 2002).

Defendants argue that this Court must dismiss plaintiffs' FAPE claims because they did not exhaust their administrative remedies as required under the IDEA.  Plaintiffs argue that they did exhaust their administrative remedies by invoking the administrative process, requesting a hearing, and settling their claims.  This Court has already held,

- 5 -

however, that invoking a due process hearing and then settling the claims prior to the hearing does not "rise to the level of an exhaustion of administrative remedies." *Prins*, 23 IDELR 544 (holding that plaintiffs would not be excused from the exhaustion requirement due to a settlement because plaintiffs did not access "the administrative system in a manner that satisfies several of the policy reasons for exhaustion"), *Hamilton v. Bd. of Sch. Comm'rs*, 993 F. Supp. 884, 889 (S.D. Ala. 1996) (stating that "to consider settlement tantamount to exhaustion would undermine the purposes of the exhaustion requirement").   Allowing the settlement in this case to constitute exhaustion would permit plaintiffs to proceed with their claims without developing a factual record, allowing the educational system to exercise its expertise  in resolving this conflict, or providing the parties a full opportunity to avoid excessive litigation in direct contravention of Congress' intent behind the exhaustion requirement.  As such, the Court holds that plaintiffs were required to exhaust their administrative remedies under the IDEA and that they failed to do so.

Plaintiffs also argue that because they are seeking relief that would not be available in the administrative process, they are not required to exhaust their administrative remedies.  Exhaustion of administrative remedies, however, is required even though a party seeks relief, such as monetary damages, that is not available under the IDEA. *Polera*, 288 F.3d at 488 ("The fact that [the plaintiff] seeks damages, in addition to relief that is available under the IDEA, does not enable her to sidestep the exhaustion requirements of the IDEA."), *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1066 (10th Cir. 2002) ("[T]he IDEA's exhaustion requirement will not be excused

simply because a plaintiff requests damages, which are ordinarily unavailable in administrative hearings held pursuant to the statute."), *Robb v. Bethel Sch. Dist. No. 403*, 308 F.3d 1047, 1054 (9th Cir. 2002) (holding that where "a plaintiff has alleged injuries that could be redressed to some degree by the IDEA's administrative procedures and remedies, then the courts should require exhaustion of administrative remedies"), *Prins*, 23 IDELR 544 (stating that to allow plaintiffs to be excused from the exhaustion requirement merely by seeking monetary damages "would allow plaintiffs to continually bypass the administrative process by alleging damages"), *Waterman v. Marquette-Alger Intermediate Sch. Dist.*, 739 F. Supp. 361, 365 (W.D. Mich. 1990) (noting that allowing plaintiffs' claims to go forward without exhaustion just because they seek damages would "frustrate Congressional purpose").   Therefore, the Court finds that plaintiffs are not excused from the exhaustion requirement merely because they seek monetary damages in addition to injunctive relief.

Although exhaustion is required in this case, based on the language included in the settlement agreement, exhaustion is impossible to obtain.  As part of the settlement agreement, the plaintiffs waived "all Free Appropriate Public Education and Least Restrictive Environment ('FAPE/LRE') claims, whether asserted or not, . . . that have been brought or could have been brought in any administrative or judicial forum (hearing or complaint)." (Settlement Agreement and Release/Waiver, Ex. 2.)  The plain language of this waiver prevents plaintiffs from: 1) raising any claims based on a denial of FAPE; 2) whether already brought or not; 3) in an administrative or judicial forum.  Therefore, plaintiffs are unable to meet the IDEA's requirement that they exhaust their

administrative remedies before filing their claims in federal court because they have

waived any right to bring such claims in any forum.  The impact of this broad waiver

language, however, does not affect the Court's holding that exhaustion of plaintiffs'

administrative remedies is required and that the settlement does not meet the exhaustion

requirement.  The plaintiffs knowingly entered into the settlement and agreed to its

language.  The Court sees no reason why the settlement should not be binding on the

parties.

Due to plaintiffs' failure to exhaust their administrative remedies, the Court holds

that, pursuant to 20 U.S.C. § 1415(l), plaintiffs are prohibited from asserting claims

"under the Constitution, [the ADA, § 540], or other Federal laws protecting the rights of

children with disabilities."  Therefore, the Court grants defendants' motion to dismiss on

all plaintiffs' claims under the IDEA or those that could have been brought under the

IDEA including Count One for violations of the Constitution[3]; Count Two for violations

of 42 U.S.C. § 1983[4]; Count Three for violation of 42 U.S.C. § 1985; Count Four for

---

[3]  This holding includes plaintiffs' claims that the defendants deprived them of their
Fourth Amendment right to be free from illegal search and seizure.  Plaintiffs' claims are based
on disciplinary measures taken by the District defendants including removing S.A.S. from the
classroom in response to disruptive behavior.  Such disciplinary measures fall within the scope
of the IDEA. *Hayes v. Unified Sch. Dist. No. 377*, 877 F.2d 809, 813 (10th Cir. 1989) (holding
that "the discipline of a child in the classroom, including short-term suspensions and 'time-out'
periods, is a matter that relates to the public education of a handicapped child and . . . therefore
falls within the scope of the [IDEA]"), *Prins* 23 IDELR 544 (stating that "IDEA type claims also
include the discipline of a student in the classroom"), *Waterman*, 739 F. Supp. at 365 (holding
that plaintiffs' claims arising from "defendants' allegedly excessive disciplinary acts and
practices . . . are cognizable under the [IDEA]").

[4]  *See Robb*, 308 F.3d at 1048 (dismissing § 1983 claim for failure to exhaust
administrative remedies under the IDEA), *Mrs. W. v. Tirozzi*, 832 F.2d 748, 756 (2d Cir. 1987)
(holding that the IDEA's remedies must be exhausted prior to instituting an action in federal

(Footnote continued on next page.)

violations of the IDEA; Count Five for violations of § 504; and Count Six for violations of the ADA.

Plaintiffs also assert claims under the MHRA and have raised four tort claims. The Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims in the absence of an independent federal jurisdictional basis.  28 U.S.C. § 1367(c).

## ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that the District defendants' Motion to Dismiss [Doc. No. 9] is **GRANTED**.

**IT IS FURTHER ORDERED** that the District defendants' Motion to Dismiss Defendant Gary Milani [Docket No. 36] is **DENIED as moot**.[5]

DATED:   July 1, 2005
at Minneapolis, Minnesota.

        s/ John R. Tunheim            _
        JOHN R. TUNHEIM
        United States District Judge

_____
(Footnote continued.)

court pursuant to § 1983), *Doe v. W. Hartford Bd. of Educ.*, 32 IDELR 172 (D. Conn. 2000) ("It is well settled law . . . that the [IDEA's] exhaustion requirement applies to claims brought under § 1983.").

[5] Because the Court granted the District defendants' motion to dismiss in its entirety, there are no pending claims against defendant Gary Milani, and the motion is, therefore, moot.