UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| **S.A.S.**, by and through his parents; **W.S.** and **S.S.** and on their own behalf, and **A.B.S.**, | Civil No. 04-3204 (JRT/RLE) |
| Plaintiffs, | |
| v. | |
| **HIBBING PUBLIC SCHOOLS; HIBBING BOARD OF EDUCATION; JUNE HENDRICKSON**, in her official capacity; **ROBERT BELLUZO, GLENN MUSTER,** and **THOMAS HARMS,** in their official and individual capacities; **CITY OF HIBBING;** and **JOHN MARAS, RICHARD SELLMAN, DAVID JOHNSON, THOMAS LARSON,** and **GAIL KLARICH**, in their official and individual capacities, | **MEMORANDUM OPINION AND ORDER GRANTING DISTRICT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |

Margaret O'Sullivan Kane, **CENTER FOR EDUCATION LAW, LTD.**, 1654 Grand Avenue, Suite 200, St. Paul, Minnesota 55105, for plaintiffs.

Susan E. Torgerson and Charles E. Long, **KENNEDY & GRAVEN**, 200 South Sixth Street, Suite 470, Minneapolis, Minnesota 55402, for School District defendants.

Patricia Y. Beety, **LEAGUE OF MINNESOTA CITIES**, 145 University Avenue West, St. Paul, Minnesota 55103, for City defendants.

S.A.S., a sixteen-year-old male student in the Hibbing Public Schools; A.B.S., an eighteen-year-old male who previously attended the Hibbing Public Schools; and W.S. and S.S., parents of both S.A.S. and A.B.S (collectively "plaintiffs"), claim that S.A.S.

was subjected to disability discrimination and harassment, and that A.B.S. was subjected to sex discrimination and harassment based on his sexuality, by both the Hibbing Public Schools and the City of Hibbing Police Department. Plaintiffs allege violations of the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act ("Section 504"), the Americans with Disabilities Act ("ADA"), and the Minnesota Human Rights Act ("MHRA"), as well as constitutional violations and state tort claims. Plaintiffs seek declaratory and injunctive relief, and damages.

Defendants are the Hibbing Public Schools, the Hibbing Board of Education, the current and former Superintendent of the Hibbing Public Schools, and various other administrators and employees of the School District (collectively "District defendants"), and the City of Hibbing, the Chief of Police, and various other employees of the Police Department including the School Liaison officers from both the middle school and the high school (collectively "City defendants").

The Court granted the District defendants' motion to dismiss all claims by S.A.S., W.S., and S.S. based on the plaintiffs' failure to exhaust their administrative remedies. In a separate order, the Court also granted the City defendants' motion for summary judgment of all claims. The District defendants now move for summary judgment on the remaining claims by A.B.S. For the reasons discussed below, the Court grants the District defendants' motion.

**BACKGROUND**

A.B.S. attended Hibbing High School from 2000-2002. He attended Hibbing Community College through a Post Secondary Education Option program for the 2002-2003 school year and graduated from the Alternative Learning Program night school at the high school in 2004. A.B.S. alleges that the District defendants instituted unlawful criminal charges against him, failed to investigate his complaints of peer-to-peer sexual harassment, and retaliated against him for his association with S.A.S. and his complaints concerning the harassment.

**ANALYSIS**

**I.     STANDARD OF REVIEW**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Only disputes over facts that might affect the outcome of the suit under the governing substantive law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is not appropriate if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. *Vette Co. v. Aetna Cas. & Sur. Co.,* 612 F.2d 1076, 1077 (8th Cir. 1980). However, the nonmoving party may not merely rest upon allegations or denials in its pleadings, but it must set forth specific facts by affidavits or otherwise showing that there is a genuine issue for trial. *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir. 2002).

## II.   FEDERAL CLAIMS

### A.   Section 1983

A.B.S. brings suit under 42 U.S.C. § 1983 alleging violations of the Fourth Amendment, the Fourteenth Amendment substantive due process and equal protection clauses, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and pattern and practice and failure to train. Additionally, A.B.S. asserts a conspiracy claim under 42 U.S.C. § 1985, and various state law claims. The Court addresses each in turn.

#### 1.   Qualified Immunity

Defendants assert they are entitled to qualified immunity on all of A.B.S.'s federal claims. In determining whether a state official is entitled to qualified immunity, the Court's first inquiry is whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate violation of a federal constitutional or statutory right. *Saucier v.*

*Katz*, 533 U.S. 194, 200 (2001).  If they do not, then summary judgment in favor of the defendant is appropriate.  As discussed below, the Court finds that the District defendants' conduct did not violate A.B.S.'s constitutional or statutory rights.  Summary judgment on A.B.S.'s § 1983 claims, therefore, is appropriate.

        2.       **Fourth Amendment**

A.B.S. asserts that the District defendants repeatedly sought to have him charged with crimes for which there was no probable cause.  A.B.S. identifies with three instances in which the District defendants wrongfully sought to have criminal charges brought against A.B.S. According to the A.B.S., on March 20, 2002, he was charged with assault after throwing a bottle that struck another student.  A.B.S. alleges that the bottle bounced off the trash can and accidentally struck the other student and that the victim was willing to corroborate this, but that the school refused to listen to the victim and conducted a one-sided investigation culminating in a charge.  Additionally, on January 15, 2002, A.B.S. was involved in a fight that grew out of the alleged sexual harassment A.B.S. was subjected to at school and he was charged with fifth degree assault.  On January 16, 2002, A.B.S. was charged with disorderly conduct for allegedly flipping another student's hat off of his head.

This Court has previously recognized that schools have a "well-recognized, strong interest in maintaining an orderly environment suitable for education, protecting the safety of students and staff, and deterring possibly violent misconduct in the future" and,

therefore, may take reasonable measures to ensure these goals. *Samuels v. Indep. Sch. Dist. No. 279*, 2003 WL 23109698, at *4 (D. Minn. Dec. 8, 2003). The Court determined in its first summary judgment Order that each of the above charges was supported by probable cause. Accordingly, the District defendants' referral of the incidents to the police liaison officer for possible prosecution was also reasonable. In light of the foregoing, the Court will grant defendants' motion for summary judgment with respect to A.B.S.'s Fourth Amendment claims.

### 3. Rehabilitation Act and ADA Claims

A.B.S. alleges that the District defendants periodically referred A.B.S. for arrest, and failed to investigate A.B.S.'s complaints of sexual harassment in retaliation for his association with S.A.S. in violation of section 504 of the Rehabilitation Act and the ADA. Assuming that A.B.S.'s mere association with his brother constitutes a protected activity and that the District defendants' actions, none of which were improper, constitute adverse action, there is simply no evidence that these allegedly retaliatory acts were related to or caused by A.B.S.'s association with his disabled brother. *See Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir. 1999) (reciting elements of a prima facie case for a retaliation claim).

### 4. Fourteenth Amendment

#### a. Due Process

"The Fourteenth Amendment guarantees '[s]ubstantive due process [, which] prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Moran v. Clarke*, 296 F.3d 638, 643 (8th Cir. 2002) (alterations in original) (*quoting Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (en banc)). A.B.S. contends that the District defendants failed to investigate his complaints of harassment, failed to protect him from harassment, and wrongfully instituted criminal charges against him, and that such actions are conscience shocking. In light of the evidence before the Court that the District defendants investigated and responded to A.B.S.'s complaints resulting in the apparent termination of each incident, and properly referred instances of misbehavior to the police, the Court finds that these actions were neither so egregious nor so outrageous as to shock the conscience and violate the Fourteenth Amendment.

#### b. Equal Protection

A.B.S. asserts that he was treated differently than students that were perceived to be heterosexual. A.B.S. contends that his complaints of harassment were not investigated or otherwise addressed by the District defendants while a heterosexual female student's complaint was immediately addressed. After a careful review of all of the evidence before it, including the evidence that school officials investigated at least one incident of harassment by talking to the alleged participants, the Court finds insufficient evidence that A.B.S. was treated differently than other students. Initially, plaintiff only identifies

two instances of harassment, each of which was investigated by school officials when brought to their attention.  Furthermore, A.B.S. has provided only one example of allegedly disparate treatment, the description of which is so general that it is impossible to determine whether the student involved was similarly situated to A.B.S.  In fact, the information provided – that a female student complained that a male student touched her breast – appears to be significantly different from the verbal taunting of which A.B.S. complained.  Accordingly, the Court finds no evidence that the District defendants permitted students to harass plaintiff on the basis of his perceived sexual orientation while protecting other students from similar forms of harassment and perceives no equal protection violation.  *Compare Montgomery v. Ind. Sch. Dist. No. 709*, 109 F. Supp. 2d 1081, 1097 (D. Minn. 2000) (denying summary judgment on equal protection claim where plaintiff alleged pervasive verbal and physical harassment over more than ten years and provided numerous examples of disparate treatment).

### 5.  Pattern and Practice/Failure to Train

The District cannot be liable in connection with its employees' actions, whether on a failure to train theory or a custom or policy theory, absent an underlying substantive claim.  *See Thelma D. v. Bd. of Educ.*, 934 F.2d 929, 932-33 (8th Cir. 1991) (requiring a plaintiff to demonstrate a continuing, widespread, persistent pattern of unconstitutional misconduct by the school's employees in order to hold the school district liable).

### B.  § 1985 conspiracy

Plaintiffs allege that the district defendants conspired with the Hibbing police to deprive A.B.S. of his civil rights by threatening him with arrest and by requesting that he

be wrongfully criminally charged. The Court finds that A.B.S.'s conspiracy claim fails because he fails to present any specific indication of an agreement between the District and City defendants and, particularly in light of the Court's earlier determination that his substantive rights were not violated by any of the defendants' actions, fails to offer any evidence that their rights were denied or that they suffered any injuries. *See Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996).

## III.   STATE CLAIMS

A.B.S. also asserts claims under the MHRA and has raised four tort claims. The Court declines to exercise supplemental jurisdiction over these state law claims in the absence of an independent federal jurisdictional basis. 28 U.S.C. § 1367(c).

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [Docket No. 69] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 26, 2005  
at Minneapolis, Minnesota.

s/John R. Tunheim  
JOHN R. TUNHEIM  
United States District Judge